UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

BELTECNO INC. & SUBSIDIARIES,

    Defendant.

CASE NO. C09-300 RSM

ORDER DENYING DEFENDANT'S MOTION TO DISMISS

## **I. INTRODUCTION**

This matter comes before the Court on Defendant's Motion to Dismiss. (Dkt. #13). In this case brought by the United States to recover tax refunds, Defendant argues that Plaintiff's claims must be dismissed pursuant to FRCP 12(b)(6) because Plaintiff has failed to provide the Court with any "concrete and positive" evidence that it erroneously refunded amounts to Defendant. Alternatively, Defendant contends that Plaintiff's complaint is vague and ambiguous, and therefore moves for a more definite statement under FRCP 12(e).

Plaintiff responds that Defendant misconstrues several areas of tax law, and indicates that its complaint easily survives Defendant's motion to dismiss. Plaintiff also highlights that Defendant has answered Plaintiff's complaint, thereby rendering Defendant's argument for a more definitive statement moot.

For the reasons set forth below, the Court agrees with Plaintiff, and DENIES Defendant's motion in its entirety.

ORDER
PAGE - 1

## II. DISCUSSION

### A. Background

The United States of America initiated the instant lawsuit pursuant to 26 U.S.C. § 7405 to recover amounts erroneously refunded to Defendant Beltecno Inc. & Subsidiaries ("Beltecno") for the 2001 and 2002 tax years. The relevant facts are as follows:

In December of 2005, Beltecno – a cabinet manufacturer located in Monroe, Washington – filed an amended tax return for the 2001 tax year. Beltecno's amended tax return asserted a $12,117 tax credit for research and development expenditures. Without a substantive examination, the Internal Revenue Service ("IRS") issued a refund check to Beltecno for this full amount on April 23, 2007.

In January of 2006, Beltecno filed an amended tax return for the 2002 tax year. This time, Beltecno asserted a tax credit of $124,772 for research and development expenditures. The IRS once again issued a refund check to Beltecno for the full amount on April 2, 2007 without conducting a substantive examination.

Shortly after the checks were issued, the IRS opened an audit examination in May of 2007 on Beltecno's 2005 income tax liability. During this examination, the IRS determined that Beltecno's tax refunds from its amended tax returns described above were erroneously issued. As a result, the IRS sent Beltecno a Form 866-A Explanation of Items. (*See* Dkt. #15, Ex. A). In this document, the IRS explained that Beltecno did not engage in qualified research activity that justified a tax credit. The IRS additionally indicated that Beltecno did not record its research expenses, and that there was no nexus between the "amounts" claimed as the qualified research expenses and the purported research "activities." The IRS concluded that the amended tax returns for 2001 and 2002 were erroneous. The IRS then demanded a return of the previously-issued refunds to the United States Treasury, but Beltecno refused.

It also appears that on April 23, 2007, the IRS issued another refund check in the amount of $37,231 to Beltecno. The United States alleges that this amount was erroneously issued based upon a previous determination by the IRS that Beltecno had improperly calculated its uniform capitalization reserves for 2001. This corporate income tax

examination occurred in July of 2004, and the IRS claims that Beltecno consented to the improper miscalculation. The IRS nonetheless issued a check for the improper amount.

Consequently, the United States filed the instant lawsuit on March 9, 2009 to recover these amounts, totaling $174,120, plus interest. Beltecno filed a motion to dismiss shortly thereafter. In its motion, Beltecno argued that the United States' complaint was so vague that the Court should order the United States to plead a more definite statement. Before the Court could rule on Beltecno's motion, the United States filed an amended complaint. The Court then struck Beltecno's motion to dismiss without prejudice to refile, and the instant motion followed. Notably, Beltecno did not file a reply brief after the United States filed its response.

### B. Standard of Review

Under FRCP 12(b)(6), a court must dismiss a complaint if a plaintiff can prove no set of facts to support a claim which would entitle him to relief. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The facts must be construed in the light most favorable to the plaintiff, and the court should "accept as true all material allegations in the complaint [and] any reasonable inferences to be drawn from them." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). A complaint need not include detailed allegations, but must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). If a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

### C. Timeliness

As an initial matter, the Court addresses the United States' argument that Beltecno's motion is untimely. In support of this contention, the United States indicates that such motions "must be made before pleading." *See* FRCP 12(b). The United States further indicates that the Beltecno's motion was simultaneously filed with its answer to the complaint, thereby making the motion untimely. This argument is without merit. While

ORDER
PAGE - 3

Beltecno filed its motion to dismiss the same day it filed its answer, the motion was very clearly filed prior to the filing of the answer. The Court therefore turns to the substantive arguments raised by the parties.

**D. Plaintiff Has Properly Pled Its Complaint**

Section 7405 of the Internal Revenue Code ("IRC") authorizes the United States to recover any erroneously refunded amounts to a taxpayer through a civil action. *See* USC § 7405(a)-(d). The United States has two years after making a purportedly erroneous refund to bring suit. *See* 26 U.S.C. § 6532(b). In order to prevail on an action to recover an erroneous refund, "the government must establish: 1) that a refund was paid to the taxpayers; 2) the amount of the refund; 3) that the government's recovery action was timely; and 4) that the taxpayers were not entitled to the refund which the government seeks to recover." *Johnson v. United States*, 228 F.Supp.2d 1218, 1221 (D.Colo. 2002) *aff'd*, 76 Fed. Appx. 873 (10th Cir. 2003) (citations omitted).

Here, the Court finds that the United States has sufficiently pled these four elements. Plaintiff's complaint indicates that it issued two refunds to Beltecno based on Beltecno's amended tax returns for the 2001 and 2002 tax years in April of 2007. (*See* Pl.'s Compl., ¶¶ 7, 18). The complaint also suggests that the United States issued an erroneous refund based on an improper calculation of Beltecno's capitalization reserves in April of 2007. (*Id.*, ¶ 14). The United States alleges that these amounts total $174,120. (*Id*, ¶ 1).

In addition, the United States initiated this lawsuit on March 9, 2009. This date is within the two-year window described in 26 U.S.C. § 6532(b) as the payments were made by the United States in April of 2007. The complaint goes on to state that these amounts were erroneously issued, and that Beltecno is not entitled to the tax credits that formed the basis of the refund and which the United States now seeks to recover. Thus, coupled with the Court's duty to construe all facts in the light most favorable to the plaintiff, and to "accept as true all material allegations in the complaint [and] any reasonable inferences to be drawn from them," *see Broam*, *supra*, there is no question that the United States has pled a sufficient complaint.

Nevertheless, Beltecno argues that the United States' claims should be dismissed because it has failed to provide "concrete and positive" evidence to proceed with a claim for refund under 26 U.S.C. § 7405(b). Beltecno essentially argues that the complaint in this case contains nothing of substance, and is being brought to unjustifiably extract expensive and time-consuming discovery from Beltecno. These arguments are misguided.

For instance, Beltecno relies heavily upon *Mahoney v. United States*, 223 Cl. Ct. 713 (1980), and *McLennan v. United States*, 23 Cl. Ct. 99 (1999). Beltecno argues that these cases stand for the proposition that the United States must provide "concrete and positive" evidence when bringing an erroneous refund suit. But as the United States correctly points out, both courts subjected the government to a heightened pleading standard because the United States was asserting an affirmative defense of offset against a taxpayer plaintiff. Both courts indicated that the government cannot merely offset a taxpayer's refund claim with additional tax liabilities absent "concrete and positive" evidence otherwise. *See Mahoney*, 223 Cl. Ct. at 717, 719; *McLennan*, 23 Cl. Ct. at 107.

In the instant case, the United States is the plaintiff, and as it correctly indicates, it "is not seeking to collect or offset additional, unassessed tax deficiencies from the taxpayer." (Dkt. #15 at 13). Instead, this is clearly an action undertaken by the United States to recover funds that it should not have refunded to the taxpayer in the first place. Thus, *Mahoney* and *McLennan* are unpersuasive.

The Ninth Circuit has recognized that even though the government bears a certain threshold burden in a tax refund suit where it asserts the affirmative defense of offset, the ultimate burden is on the taxpayer. *See Ahmanson Foundation v. United States*, 674 F.2d 761, 777 (9th Cir. 1981). Specifically, the *Ahmanson* court found that this initial burden "does not require that the government introduce sufficient evidence that a trier of fact could find in favor of the government. Instead the government should only be required to show that its claim has sufficient substance that it is made in good faith, rather than for improper purposes of deterrence and harassment." *Id*. If the government makes such a showing, "the taxpayer

bears the burden of proving the amount he is entitled to recover." *Id*. at 776 (quoting *United States v. Janis*, 428 U.S. 433, 440 (1976)).

Here, the Court is satisfied that there is sufficient substance in the United States action against Beltecno, and that it is not being brought in bad faith or to otherwise harass Beltecno. The twenty-eight page Form 866-A that the IRS initially issued to Beltecno includes a highly detailed legal and factual analysis of why the IRS believes that the tax refunds were erroneously issued. (*See* Dkt. #15, Ex. A). This document alone establishes that the government is acting in good faith.

The Court's conclusion that the Plaintiff has sufficiently pled its complaint is consistent with the fundamental principle that "tax credits are a matter of legislative grace, and taxpayers bear the burden of clearly showing that they are entitled to them." *Tax and Accounting Software Corp. v. United States*, 301 F.3d 1254, 1261 (10th Cir. 2002) (internal quotations and citations omitted); *see also Chrysler Corp. v. C.I.R.*, 436 F.3d 644, 654 (6th Cir. 2006) (recognizing that tax credits are a privilege granted by the government and therefore any statute allowing such a credit should be strictly construed in favor of the government). To this end, Congress has made it clear that it is the ultimate responsibility of the taxpayer to maintain adequate records to allow the collection of tax. *See* 26 U.S.C. § 6001. Beltecno's attempt to shift this responsibility to the government is unjustified. The Court finds no basis to dismiss this suit.

Furthermore, because the Court has determined that Plaintiff's complaint is properly pled, there is no need to address the parties' arguments with respect to a more definite statement.

### III.  CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendant's Motion to Dismiss (Dkt. #13) is DENIED. The Court will issue its initial scheduling order shortly.

(2) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this 12th day of August, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 7